24-1426

In The
United States Court of Appeals
For The Fourth Circuit

Aida Elzagally, Abdulhameed Al-Harramah, Mais Ahmed Mayouf, Abduladeem Tunalli, Abdulhameed Tunalli, Abdulrrauf Tunalli, Alaa Tunalli, Ayah Tunalli, Muhammad Tunalli, *Plaintiffs/Appellants*

v.

Khalifa Hifter, *Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION NO. 1:19-cv-00853-LMB-JFA

**BRIEF OF APPELLANTS**

Asim AR Ghafoor
Law Office of Asim Ghafoor
23645 Rock Haven Way
Suite 100
Dulles, VA 20166
(202) 330-1469
asim@glawoffice.com
*Attorney for Appellant
Aida Elzagally, et al.*

## DISCLOSURE STATEMENT

Pursuant to Fourth Cir. R. 28(a)(1) and 26(a)(1)(A), the undersigned counsel of record certifies that no corporate parties are involved in this litigation.

Dated: July 8, 2024                                                             Respectfully submitted,

Law Office of Asim Ghafoor
23645 Rock Haven Way
Suite 100
Dulles, VA 20166
(202) 330-1469
asim@glawoffice.com

*Attorney for Appellants*

# TABLE OF CONTENTS

DISCLOSURE STATEMENT .................................................................................. i

TABLE OF CONTENTS ...................................................................................... ii

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT OF JURISDICTION ........................................................................ 1

STATEMENT OF THE CASE ............................................................................... 3

SUMMARY OF ARGUMENT ............................................................................... 4

ARGUMENT ......................................................................................................... 5

    1)    Hifter is Not Entitled to Dismissal as a Matter of Law because His US Citizenship and Virginia Property Grants the Court .................... 5

    2)    The Court Adjudicated Hifter's 12(b)(2) Motion to Dismiss ............ 7

    3)    Hifter Signed Joint Discovery and Other Contracts in the United States Requiring Ongoing Contacts ..................................................... 9

    4)    Hifter Should be Subject to Jurisdictional Discovery ...................... 12

CONCLUSION ..................................................................................................... 13

STATEMENT REGARDING ORAL ARGUMENT .......................................... 14

CERTIFICATE OF COMPLIANCE .................................................................... 15

CERTIFICATE OF SERVICE ............................................................................. 16

# TABLE OF AUTHORITIES

## Cases

*Al-Suyid v. Hifter*, 2022 U.S. Dist. LEXIS 135480 (E.D. Va., July 29, 2022) ............................ 3
Burger King Corp. v. Rudzewicz ........................................................................................... 6
Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) ..... 15
*Cent. Wesleyan Coll. v. W.R. Grace & Co.,* 143 F.R.D. 628, 644 (D.S.C. 1992) .................... 15
*Combs v Bakker*, 886 F.2d 673 .............................................................................................. 9
*Combs v. Bakker*, 886 F.2d 673 ............................................................................................. 5
*Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273 ...................................................... 5
*Daimler AG v. Bauman*, 571 U.S. 117 ................................................................................. 12
*Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993) ............. 11
*ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997 ..................................... 10
Fidrych v. Marriott Int'l, Inc., 952 F.3d 124 .......................................................................... 12
Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) .................................................................................................................... 12
*Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) ........................................................ 9
*Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019) ......................... 10
*Ins. Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 ...................... 8
Int'l Shoe Co. v. Washington, 326 U.S. 310, 317, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ............ 12
*Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320 (4th Cir. 2000) ......................... 10
*McGee v. International Life Ins. Co.*, 355 U. S. 220 ............................................................... 7
*Mylan Lab'ys, Inc. v, Akzo, N.V.* 2 F.3d 56, 64 (4th Cir. 1993) .............................................. 14
*Pandit v. Pandit*, 808 F. App'x 179, 183 (4th Cir. 2020) ....................................................... 15
*Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185 ....................................................................... 5
*Sec. & Exch. Comm'n v Receiver for Rex Ventures Grp., LLC*, 730 F. App'x 133 ................... 9
World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) ............................................................................................................................ 7
*Yousuf v. Samantar*, No. 11-1479 (4th Cir. 2012) .................................................................. 6

## Statutes

28 U.S.C. § 1291 .................................................................................................................... 1
28 U.S.C. §1350 ..................................................................................................................... 1
Alien Tort Statute ................................................................................................................... 6
Virginia's long-arm statute § 8.01-328.1 .............................................................................. 10

## Rules

Fed. R. Civ. P. 12(g)(2) .......................................................................................................... 8
Fed. R. Civ. P. 12(h)(1)(A) ..................................................................................................... 8

# STATEMENT OF JURISDICTION

This appeal arises from the Final Judgment entered by the District Court on April 12, 2024, dismissing these consolidated cases with prejudice due to lack of personal jurisdiction over Defendant Khalifa Hifter. The District Court had jurisdiction over the action under 28 U.S.C. §1350, the Torture Victim Protection Act.

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291. Plaintiffs timely filed their Notices of Appeal No. 24-1426 on May 8, 2024 pursuant to Fed. R. App. P. 4(a)(1)(A).

## ISSUE PRESENTED

The sole issue presented is whether the District Court erred in dismissing these this and two related cases against Khalifa Hifter with prejudice for lack of personal jurisdiction even though the record shows Defendant's ties to Virginia and his agreement to participate in discovery in the underlying three cases.

**STATEMENT OF THE CASE**

In 2020, Plaintiffs brought their case which was consolidated with two other actions under the Torture Victim Protection Act and the Alien Tort Statute against Defendant Hifter in the US District Court for the Eastern District of Virginia alleging extrajudicial killings and torture by forces under his command in Libya.

Following years of discovery and after a briefing schedule for summary judgment, without a written opinion but in a hearing held on April 12, 2024. Judge Leonie Brinkema dismissed this and two related cases for lack of personal jurisdiction with prejudice. JA 244.

Factual Background

The background of Defendant Field Marshal Hiftar giving rise to this litigation is best summarized on the record by U.S. Magistrate Judge John Anderson in his jointly-filed Proposed Finding of Fact and Recommendations Opinion (*see* JA 138) and in Judge Anderson's opinion in the related case *Al-Suyid v. Hifter*, 2022 U.S. Dist. LEXIS 135480 (E.D. Va., July 29, 2022). Defendant is a dual citizen of the United States and Libya and owns property in the US. *Id.* at 2. Hifter led what is known as Operation Dignity. *Id.* The Operation Dignity forces were comprised of the Libyan National Army. *Id.* The House of Representatives in Libya, who appointed Hifter to the position of General Commander of the Libyan National Army, publicly endorsed Operation Dignity in October 2014. Id. "The

cases at issue involve serious claims alleging hundreds of millions of dollars of damages against defendant, a high-profile Libyan official subject to extensive media scrutiny. JA at 154.

Procedural Background

After participating through counsel for almost four years of pre-trial litigation and discovery, Defendant argued at the summary judgment stage that this case should be dismissed for lack of personal jurisdiction. JA at For example, Lindsay McKasson, then counsel for Defendant in this matter, agreed, in a hearing in *Elzagally v. Hifter*, that "[Hifter] has authority as the field marshal of the LNA, and I think that is undisputed." JA at 119:4-5. Here, where the lower court was granting Defendant's stipulations for pre-trial discovery, the element of personal jurisdiction was effectively adjudicated in all Plaintiff's favor.

**SUMMARY OF ARGUMENT**

The trial court erred in dismissing all three cases on the grounds that the trial court has no personal jurisdiction over Defendant Hiftar. The Defendant is a citizen of the United States, owns property in the Commonwealth of Virginia, engaged in discovery subject to a joint discovery plan signed under his authority and the interests of justice demand this Court reverses the dismissal and remands this for a trial under the TVPA or, in the alternative, jurisdictional discovery to determine personal jurisdiction due to these and other connections which can be proven.

# ARGUMENT

**STANDARD OF REVIEW**

This Court reviews dismissals for lack of personal jurisdiction de novo. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). Where, as here, the district court decides jurisdiction on the motion papers alone, the plaintiff need only make a "prima facie showing of a sufficient jurisdictional basis" to prevail. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989) *citing Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185 (4th Cir. 2016).

1) Hifter is Not Entitled to Dismissal as a Matter of Law because His
   US Citizenship and Virginia Property Grants the Court

Plaintiffs have presented unrefuted facts that Hiftar continues to hold US citizenship. JA at 114. Combined with his property he and his family own in Fairfax County in the Commonwealth of Virginia, makes him subject to the jurisdiction of this Court in the underlying action. JA 205. He does not prove whether he has renounced his US citizenship. Plaintiffs have produced evidence that his sons reside in Virginia, evidence that constitute "binding ties to the United States and its court system." *See Citing Yousuf v. Samantar*, No. 11-1479 (4th Cir. 2012) at 23. In holding that former Somali Defense Minister Mohamed Ali Samantar was not immune from civil litigation in a TVPA claim against him by former victims of the Somali government under common law, rgis Court stated, . . . "as a permanent legal resident, Samantar has a binding tie to the United States and

its court system." *See Id.* at 23.

In these cases, earlier in the litigation, Hifter successfully argued that the original claim under the Alien Tort Statute should be dismissed because the conduct alleged did not "touch and concern the United States." However, under the TVPA claim, the rules for personal jurisdiction do not depend upon where the events occurred but on the facts of the Defendant's minimum contacts with Virginia. Exercising specific jurisdiction does not comport with due process unless the defendant has purposefully established sufficient "minimum contacts" with the forum state and the exercise of jurisdiction comports with notions of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). A defendant has minimum contacts with a state when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Minimum contacts must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. Upon a showing of the defendant's purposeful availment, the fairness inquiry balances any burden on the defendant against countervailing concerns such as the plaintiff's interest in obtaining relief and the forum state's

interest in the controversy. *World-Wide Volkswagen*, 444 U.S. at 292. *citing McGee v. International Life Ins. Co.*, 355 U. S. 220 at 222-223.

**2)  The Court Adjudicated Hifter's 12(b)(2) Motion to Dismiss**

At the early stages of his responsive pleadings, Defendant filed a motion to dismiss in this matter in 2020. JA at 86. In this Motion, Defendant failed to mention or raise any defense concerning lack of personal jurisdiction over Defendant Hifter for lack of residency. Instead, his grounds were based on head of state immunity, failure to exhaust all remedies, failure to state a claim, and non-justiciable political question. Nor did he bring up personal jurisdiction as an affirmative defense in his Answer. JA at 140. "Consistent with Rule 12(h)'s plain language and well-established authority, defendant [ ] waived his Rule 12(b)(2) defense of lack of personal jurisdiction by failing to raise the defense in his Rule 12 motion to dismiss." *Ins. Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982) (noting that a defense of lack of personal jurisdiction is waived "if not timely raised in the answer or a responsive pleadin"); Fed. R. Civ. P. 12(h)(1)(A) ("A party waives any defense listed in Rule 12(b)(2)-(5) by: . . . omitting it from a motion in the circumstances described in Rule 12(g)(2) . . ."); Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that

was available to the party but omitted from its earlier motion.")

"When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). However, the plaintiff's burden when confronted with a particular jurisdictional challenge varies depending on the stage of the litigation, the posture of the case, and the evidence before the court. *Id*; *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016); *Sec. & Exch. Comm'n v Receiver for Rex Ventures Grp., LLC*, 730 F. App'x 133, 136 (4th Cir. 2018).

When a court rules on a personal jurisdiction issue presented in a pretrial motion prior to holding an evidentiary hearing, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs,* 886 F.2d at 676. In such circumstances, much like when reviewing motions made pursuant to Rule 12(b)(6), "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* "In doing so, however, the court need not 'credit conclusory allegations or draw farfetched inferences.'" *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320 (4th Cir. 2000) (unpublished table

decision) (*quoting Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994)). "Unlike under Rule 12(b)(6), the court may also consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019).

**3) Hifter Signed Joint Discovery and Other Contracts in the United States Requiring Ongoing Contacts**

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. See *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997. Thus, in evaluating a challenge to personal jurisdiction, the court engages in a two-step analysis. *Ellicott Mach. Corp. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993). First, it must find that the forum state's long-arm statute authorizes the exercise of jurisdiction under the facts presented. Id. Second, if the statute does authorize jurisdiction, then the court must determine if its exercise of personal jurisdiction is consistent with due process. Id. Virginia's long-arm statute § 8.01-328.1 states, in part:

> A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
> 1. Transacting any business in this Commonwealth;
> 2. Contracting to supply services or things in this Commonwealth;
> . . .

> 6. Having an interest in, using, or possessing real property in this Commonwealth;
>
> . . ..
>
> 10. Having incurred a liability for taxes, fines, penalties, interest, or other charges to any political subdivision of the Commonwealth.
>
> *See* § 8.01-328.1.

Personal jurisdiction over a nonresident defendant can be either specific or general. *Centricut*, 126 F.3d at 623-24. General jurisdiction arises when the nonresident defendant's contacts with the forum state "are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Usually, individuals are considered "at home" in the jurisdiction where the individual is domiciled, and corporations are considered "at home" in jurisdictions where they are incorporated or where they have their principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014); *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 132 (4th Cir. 2020).

On August 4, 2021, Defendant Hiftar through counsel entered into a Joint Discovery Plan with no clause challenging the jurisdiction of the lower court. JA 98. In upholding the dismissal of a case for lack of personal jurisdiction, this Court in *Perdue* stated just having a contract may not be enough to establish minimum

contacts over the corporate defendant, BRF, S.A.. However, in this case, as the *Perdue* opinion states:

> physical presence in the forum state is not essential. Rather, "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174. We emphasize that if the parties had entered a contract that created a meaningful relationship with frequent communication, even if no BRF employee entered Maryland, personal jurisdiction might well lie in the federal district court in Maryland. However, BRF neither purposefully directed activities toward Maryland nor established regularly recurring and ongoing interactions with Perdue in Maryland. "Because a sovereign's jurisdiction remains territorial, to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that they amount to a surrogate for presence and thus render the exercise of sovereignty just." *Consulting Eng'rs*, 561 F.3d at 277–78 (internal quotation marks omitted). Such substantial contacts are absent here.

In addition to this joint discovery contract, this court can take judicial notice that purchasing real estate, hiring counsel and other business activities can only be done by signing agreements to close on property, engage professionals and otherwise "transact any business in this Commonwealth." This Court can therefore order the lower court to engage in jurisdictional discovery to identify any such contracts, the relevant clauses and the dates, parties and services involved. In addition to this logic from *Perdue*, the court may exercise general jurisdiction over Hifter because he is a US citizen, continued to engage counsel in Virginia and is registred s a property owner in Virginia. These factors are enough for the court to find that

Plaintiffs in the three consolidated cases made a prima facie case for personal jurisdiction. If this Court is unwilling to reverse the underlying finding of no personal jurisdiction on the Defendant, this Court should hold that Plaintiffs' showing is sufficient for this Court to remand to the trial court to conduct jurisdictional discovery as an alternative to dismissal.

**4) Hifter Should be Subject to Jurisdictional Discovery**

Here, plaintiff's allegations are sufficient to make a prima facie case for personal jurisdiction, and the District Court denied Defendant's Rule 12(b)(2) motion. As this Court stated in *Combs*, the trial court may "revisit the question or defer ruling on the motion until the parties have had the opportunity to develop the factual record." *See Combs*, 886 F.2d at 676; *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196-97 (4th Cir. 2018). District courts have broad discretion to allow discovery to help resolve personal jurisdiction issues, *Mylan Lab'ys, Inc. v, Akzo, N.V.* 2 F.3d 56, 64 (4th Cir. 1993), and jurisdictional discovery should normally be permitted "[w]hen the Plaintiff's claim does not appear to be frivolous," *Cent. Wesleyan Coll. v. W.R. Grace & Co.,* 143 F.R.D. 628, 644 (D.S.C. 1992), aff'd 6 F.3d 177 (4th Cir. 1993). Yet, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th

Cir. 2003); see also *Pandit v. Pandit*, 808 F. App'x 179, 183 (4th Cir. 2020) ("Jurisdictional discovery is proper when the plaintiff has alleged sufficient facts to suggest the possible existence of personal jurisdiction."). Once the factual record is developed and presented to the court, either at an evidentiary hearing or at trial, the plaintiff has the burden of proving facts supporting jurisdiction by a preponderance of the evidence. *Grayson*, 816 F.3d at 268.

**CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiffs respectfully ask this Court to overturn the lower court's dismissal and order that Plaintiffs be allowed to prove Defendant's liability and damages at trial or, at a minimum, order the lower court to supplement the discovery already completed with jurisdictional discovery for Plaintiffs to prove that the trial court has personal jurisdiction against Defendant.

Dated: July 8, 2024            Respectfully submitted,

                                             Asim AR Ghafoor
                                             Law Office of Asim Ghafoor
                                             23645 Rock Haven Way
                                             Suite 100
                                             Dulles, VA 20166
                                             (202) 330-1469
                                             asim@glawoffice.com

                                             *Attorney for Appellants*

# STATEMENT REGARDING ORAL ARGUMENT

Plaintiffs/Appellants Aida Elzagally, Abdulhameed Al-Harramah, Mais Ahmed Mayouf, Abduladeem Tunalli, Abdulhameed Tunalli, Abdulrrauf Tunalli, Alaa Tunalli, Ayah Tunalli and Muhammad Tunalli believe that oral argument in connection with this appeal would materially aid in the decisional process. Appellant's counsel is prepared to provide oral argument at the request of the Court.

# CERTIFICATE OF COMPLIANCE

I hereby certify that the attached brief complies with the type volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 3566 words, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief's type face and type size comply with the type face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced type face, using Microsoft Word in Times New Roman, font size 14.

_____
Asim AR Ghafoor

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, I served the attached brief on Counsel for the Defendant through the CM/ECF system.

_____
Asim AR Ghafoor